## HANSON vs. THE MILWAUKEE MECHANICS' MUTUAL INSURANCE COMPANY.

FIRE INSURANCE: APPLICATION: EVIDENCE. *(1, 2) Evidence upon question whether written application was that of the insured. (3) When objection to evidence must be specific. (4) Only the specific objection taken, considered here.*

(5) NEW RULE OF COURT.

1. In an action on a fire insurance policy, plaintiff may give evidence to show that the written application for insurance was really the paper of the agent who took it; that he (plaintiff) did not know its contents when he signed it; and that it does not correspond with the statements made by him to the agent at the time. And the defendant may give rebutting evidence upon these points.

2. Where the written application denied that there was any incumbrance upon the property insured, and it appeared that there was an incumbrance in fact, on account of which the insurance company denied its liability, and plaintiff testified that he disclosed the incumbrance to the agent, it was error not to allow the agent himself to testify, in defendant's behalf, whether such was the fact.

3. The objection that a question is *leading*, must be taken specifically at the time it is asked, and cannot prevail here when the evidence was otherwise admissible, and the objection below merely a general one.

4. Where evidence was rejected upon a *specific* objection, the party is held to be confined to that objection here.

5. NEW RULE OF COURT.

Hereafter no charge will be taxed for printing any brief disrespectful to this court or any member of it, or to the court below, or to opposing counsel. Any such brief will be stricken from the files on motion — such motion to be submitted without argument; and the court will on its own motion exercise the same power in cases appearing to call for it. And in the hearing of causes at the bar, the chief justice, or other presiding justice, will peremptorily interrupt and prohibit, without appeal to the court and without discussion on the question, any argument disrespectful to this court or any member of it, or to the court below, or to other counsel.

APPEAL from the Circuit Court for *Waukesha* County.

Action on a fire insurance policy. Defense, that the policy was procured by false and fraudulent representations, in the written application, as to incumbrances upon the property,

etc.   The error on which the judgment is reversed, will suffi-
ciently appear from the opinion.

Plaintiff had a verdict; a new trial was refused; and defend-
ant appealed from a judgment on the verdict.

The cause was submitted for the appellant on a brief signed
by *Edwin Hurlbut* as its attorney, with *Carpenter & Smiths*,
of counsel.

For the respondent, a brief was filed by *Mulberger &
Gardner*, and the cause was argued orally by *Mr. Gardner*.

RYAN, C. J.   Under repeated decisions of this court, it was
competent for the respondent to give evidence· tending to
show that the written application for insurance was really the
paper of the agent who took it, and not his own; that he did
not know its contents when he signed it; and that it does not
correspond with the statements which he made to the agent
at the time.   But it was equally competent for the appellant
to give evidence tending to rebut all this.

There appears to have been an incumbrance on the property
insured. . The application for insurance, as written, denied
that there was any.   And the appellant denied its liability on
the policy, on the ground of this suppression.   The respond-
ent testified that he disclosed the incumbrance to the appel-
lant's agent.   The agent himself was asked by the appel-
lant's counsel whether the fact were so, and the court below
excluded the question.   This is manifest error.

The ground of objection taken to the question was, that the
witness had already answered it.   It appears very plainly to
this court that he had not.   He had only testified, in sub-
stance, that he had filled up the application according to the
answers given by the respondent, and had read them to the
respondent, before he signed it.   He had indeed been before
asked substantially the same question as that ruled out, but
had answered it stupidly or evasively, *not giving a direct or
satisfactory answer*.

It was objected here for the first time, that the question was
leading.   The objection comes quite too late.   Objection to a

leading question, as such, must always be specifically made at the time, to enable counsel to shape it differently. In fact, questions are often, in strictness, open to the objection, and it would be a mischievous practice to hold general objections well taken on that ground. This is never done. But here the objection was specific; and the party· is confined to the actual objection made below. *Wilson v. Noonan*, 35 Wis., 321. The witness was afterwards asked to state what the respondent said upon making the application. This question was also excluded.

For this error the judgment must be reversed.

It is a matter of regret that this opinion cannot be closed here. But the whole court considers that it owes another duty to the court itself, to the court below, and to the profession; a duty painful in itself, the more so because of the personal and professional respect which every member of this court feels for the distinguished gentlemen whose names are signed to the brief submitted for the appellant.

Sharp criticism on the learned judge of the court below, his conduct and motives on the trial, appears throughout this otherwise able brief, and cannot be overlooked. Such criticism is not only unavailing here, but is essentially improper.

In an appellate court, it is of course often the duty of counsel to assail the rulings of the judge of the court below, his conclusions of law and of fact. It is necessary to the intelligent administration of justice, it is the just and essential privilege of the bar, that counsel should, in the performance of their duty, have the fullest scope of legitimate discussion, tending to establish errors of the court below. But such argument ceases to be pertinent when it becomes personal. The motive of a judge cannot enter into the right or wrong of his ruling. Imputations of motive in the rulings of the court below are therefore impertinent in an appellate court. The rulings of a court are impersonal, and personal criticisms on the judge who makes them are irrelevant to their soundness or unsoundness.

Every court in the state owes official respect to every other.

The bar owes professional respect to them all. And disrespectful criticisms made in this court upon the judges of the court below, are offensive, not only to those courts but to this.

Questions of law are mere questions of principle and authority. Questions of fact are mere questions of the construction, weight and effect of evidence. And a member of the bar is out of the line of his professional duty, when he resorts here to personal criticism of any judge or of any member of the bar.

This opportunity is taken, although without relation to this cause, to remark with pain that sometimes, lately, during argument or in printed briefs, counsel have permitted themselves to indulge in personal criminations and recriminations toward each other. Such personalities are wholly out of place in court, irrelevant to juridical discussion, and disrespectful as well as painful to this court. Perhaps, in the present state of society, juridical controversy cannot always be prevented from lapsing into personal irritation. But such irritations between members of the bar are properly personal, not professional; should never be permitted to interfere with the performance of professional duty; should never be intruded into court, to lower the dignity of the bar or offend the decorum of the court. This court is under great obligation to the learning, ability and zeal of its bar, upon which the intelligent discharge of its own duties so much depends. And it is as much out of consideration for the dignity of the bar, as for the dignity of the court, that these comments are made, by way of introduction to the rule which the court takes this occasion to establish. It is due, however, to the bar to say that the instances of which complaint is made have been comparatively few, though frequent enough to warrant what is now said.

Hereafter no charge will be taxed for printing any brief disrespectful to this court, or to any member of it, or to the court below, or to opposing counsel. And, on motion, any brief so offending will be stricken from the files. Such motions, however, for obvious reasons, must be submitted without argument.

The court will, on its own motion, exercise the same power in cases appearing to call for it. And on the hearing of causes at the bar, the chief justice, or other presiding justice, will peremptorily interrupt and prohibit, without appeal to the court and without discussion on the question, any argument disrespectful to this court or any member of it, or to the court below, or to other counsel. It is hoped that this announcement will be sufficient; and that offensive personalities, which have rarely appeared here, will entirely disappear, without putting the court to the pain of enforcing the rule.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for a new trial.